UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STACY ANN MEAD, | ) |
|       Plaintiff, | ) 3:11-CV-00012-LRH-RAM |
| v. | ) ORDER |
| SEAN MICHAEL MEAD, | ) |
|       Defendant. | ) |

Before the court is Plaintiff Stacy Ann Mead's motion to remand to state court. Doc. #3. Defendant Sean Michael Mead filed an opposition. Doc. #8. No reply was filed.

**I.  Facts and Procedural History**

The underlying divorce proceeding was commenced four years ago on March 5, 2007. On December 3, 2008, the family court entered a decree of divorce, in which it was ordered *inter alia* that Defendant's retirement accounts "shall be split equally between the parties with a Qualified Domestic Relations Order(s)." Doc. #3, Exh. E at 4. Years later, on June 25, 2010, the family court entered an Order Clarifying and Amending Decree of Divorce, which "clarified and amended" the divorce decree by expressly including Defendant's Armed Forces Retirement System pension benefit—i.e., his military retirement pay. Doc. #3, Exh. F at 1-2. Accordingly, on December 2, 2010, the family court entered a Domestic Relations Order awarding Plaintiff up to half of Defendant's military retirement pay, stating that the order was intended to qualify under the

Uniformed Services Former Spouse's Protection Act ("USFSPA"), 10 U.S.C. § 1408, and stating that Defendant's rights under the Servicemembers Civil Relief Act of 2003 ("SCA"), 10 U.S.C. § 501 *et seq.*, had been observed. Doc. #3, Exh. G at 2-4. Later that month, on December 30, 2010, Defendant received a proposed revised domestic relations order. *See* Doc. #5, p. 3. Although the operative terms were unchanged from the Domestic Relations Order entered on December 2, *compare* Doc. #3, Exh. G, *with* Doc. #3, Exh. H, a revised order was apparently necessary because a hand-written revision in the prior order was unacceptable to the military. *See* Doc. #3, p. 5. Before the revised order could be signed by the family court, however, on January 6, 2011, Defendant filed his notice of removal in this court. Doc. #1.

## II. Discussion

Defendant predicates removal on the basis of diversity and federal question jurisdiction, and he argues removal is timely under 28 U.S.C. § 1446(b). The court disagrees.

First, even assuming Defendant were correct that diversity jurisdiction might otherwise exist, § 1446(b) plainly provides that "a case may not be removed on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). As the underlying divorce proceeding was commenced in 2007, the untimeliness of removal based on diversity jurisdiction is unmistakable.

Second, removal is also untimely to the extent it is based on federal question jurisdiction. Section 1446(b) provides that a notice of removal must be filed (1) within thirty days of receipt of the initial pleading, or (2) if the case stated by the initial pleading is not removable, within thirty days of receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* Here, even assuming the underlying divorce proceeding were removable, the existence of a federal question was plainly ascertainable at least by June 25, 2010, when the family court entered its Order Clarifying and Amending Decree of Divorce specifically addressing Defendant's military pension.

Indeed, Defendant concedes that he "had objected to the Order on numerous bases, including . . . federal law." Doc. #1, ¶ 4. Moreover, in the family court's Domestic Relations Order of December 2, 2010, expressly cited the USFSPA and SCA, the very federal statutes on which Defendant's assertion of federal question jurisdiction is based. Even from that late date, Defendant's January 6 notice of removal is still untimely. Defendant contends that the thirty day removal period should instead run from his receipt on December 30, 2010, of the proposed revised domestic relations order, which Defendant characterizes as "represent[ing] the final failure of Defendant's efforts to have the Nevada state court consider his objections." Doc. #8, p. 2. However, that position has no basis in law, and Defendant offers no interpretation of § 1446 that would support it. By the plain language of § 1446, the time to remove an action to federal court is at the commencement of litigation or when the action becomes removable, not when state court litigation has come to an unsatisfying end.

The court therefore concludes that Defendant's notice of removal is untimely under § 1446(b), and remand to state court is required.

### III.   Attorney's Fees and Costs

Plaintiff requests attorney's fees and costs for having to defend against Defendant's filing of the underlying notice of removal. An order remanding a case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of fees and costs under § 1447(c) is within the discretion of the district court. *Martin v. Franklin Capital Corp.*, 564 U.S. 132, 139 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.

Here, Defendant lacked an objectively reasonable basis for seeking removal. Defendant makes no argument whatsoever that this action was timely removed based upon diversity

jurisdiction nearly four years after the action was initiated, and he essentially concedes it is not. *See* Doc. #8, p. 2:7-8. Also, Defendant's contention that removal was timely on the basis of federal question jurisdiction is not supported by any reasonable reading of § 1446(b), as applied to the uncontroverted facts of this case. The court therefore concludes that Plaintiff is entitled to costs and any actual expenses, including attorney's fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). Plaintiff may submit a motion for attorney's fees and costs in compliance with Local Rule 54-16 within fourteen (14) days of this order. *See Moore v. Permanente Med. Grp.*, 981 F.2d 443, 445 (9th Cir. 1992) (district court retains jurisdiction after remand to entertain a motion for attorney's fees).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (Doc. #3) is GRANTED. This case is remanded to the Family Division of the Second Judicial District Court of the State of Nevada in and for the County of Washoe.

IT IS SO ORDERED.

DATED this 16th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE